ÁNGEL RODRÍGUEZ, Plaintiff and Appellee, *v.* LIUBANIA SERRA, Defendant and Appellant.

No. R-63-162.    Decided June 30, 1964.

*Luis A. Noriega* for appellant. *Inéz Acevedo de Campos* and *Rafael Muñoz Ramos* for appellee.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

PER CURIAM: Since the year 1957 plaintiff-appellee possessed, as lessee, a building situated in ward Magueyes, in Ponce. He dedicated it to the operation of a business for serving meals, liquors, and a dancing hall. In March 1961 defendant-appellant bought said building and the land on which it was located. On said date appellee was paying a rental of $50 monthly. The new owner increased the rental to $100 monthly, but there was no agreement between the parties as to said increase.[1] On the day subsequent to the sale, the owner started to make improvements in the property without the consent of the possessor and against his will, disturbing thereby the free enjoyment of the possession which, as determined by the trial judge, precipitated the bankruptcy of plaintiff's business which was already precarious, causing him damages which he estimated in the amount of $2,000. For said sum, plus the costs and $300 for attorney's fees the court rendered judgment against defendant.

In the present appeal defendant-appellant charges the trial court with having committed error: (1) in applying § 1444 of the Civil Code instead of § 1807 of the same Code, and (2) in granting plaintiff-appellee, without being enti-

---

[1] In said month of March 1961 the new owner filed a complaint for unlawful detainer at sufferance against appellee herein. In August of the same year judgment was rendered decreeing the unlawful detainer. However, in the present case the trial judge decided that defendant performed repairs in the property in a period of four months, that is, prior to the judgment of unlawful detainer.

tled to it, the amount of $2,000 for damages and, in case he was entitled, in having granted an excessive amount.

■ The first assignment of error is frivolous. The appeal for review as well as the remedy of appeal is given against the judgment and not against its grounds. Accepting that plaintiff-appellee was not a lessee of defendant-appellant and, therefore, that the sections of the Civil Code relating to the lease contract are not applicable to the present case, appellant would always be liable for the damages caused to appellee.

■ Appellee had the right to be respected in his possession until he was deprived of it by judicial decree. The disturbing actions performed by appellant make her liable for the damages she may have caused. Therefore, a judgment ordering her to pay for the damages proved is not erroneous.

Let us examine the question of the damages. The trial court decided: (1) the lease rental was reduced by the former owner from $100 monthly to $80 and then to $50, at the request of lessee because the business was not prosperous; (2) the improvements were performed in a period of 4 months during which plaintiff continued to operate his business although with inconveniences; and (3) the existence of the business was precarious and the inconveniences caused by the works precipitated the bankruptcy.

No conclusion was made as to the profits that plaintiff received from his business prior to the commencement of the repairs nor those he received during the performance of the work, if any, or those he failed to receive.

Notwithstanding, the trial court decided that plaintiff suffered damages (loss of profits) amounting to $2,000. How did it estimate the damages? As to said possible damages the only thing we find in the record is the testimony of plaintiff himself, to the effect that when the situation

was normal (prior to the commencement of the repairs of the building) his business had an income of $125 weekly and after said repairs started he did not have any income at all, and that he estimates that he failed to receive income for the amount of $2,000, which is precisely the amount that the trial court granted for damages. Maybe the trial court estimated the damages on the basis of the multiplication of the supposed monthly income of $125 for four months for which the repairs lasted, which would make $2,000. To reach this result it must be decided that the business had no income during those four months, although it was in operation. On the other hand, if plaintiff wanted to establish with his own testimony that before carrying out the repairs he obtained a net profit of $125 weekly in the operation of the business, and if we consider the location of the same in a building in ward Magueyes we cannot logically consider that such business had a precarious existence.

■ ■ In any event, plaintiff's evidence does not establish sufficient elements of judgment to determine the supposed damages suffered by him as the result of the transgression of defendant-appellant. There is no evidence as to the business operation costs, nor of its daily or weekly gross income in order to determine the exact or approximate profit. Plaintiff has the obligation to put the trier in condition to determine, without going into speculations, the damages actually suffered by him. He should have established that he failed to receive profits which he would have reasonably received if it had not been for defendant's actions; but the truth is that in this case said benefits or profits have not been established with reasonable certainty. The pronouncement ordering defendant to pay plaintiff the amount of $2,000 for damages is, therefore, erroneous. However, considering said defendant as a transgressor, she should be ordered to pay the amount of $200 as nominal

damages. In that sense the judgment of the trial court will be modified, also reducing the amount granted for attorney's fees to $100.

As thus modified the judgment of the Superior Court will be affirmed.